# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUNE VERA SANCHEZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> CITY OF COALINGA, <br><br> Defendant. | Case No. 1:18-cv-01018-SAB <br><br> ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DIRECTING CLERK OF THE COURT TO ENTER JUDGMENT IN FAVOR OF DEFENDANT <br><br> (ECF Nos. 10, 11, 13, 14) |

Currently before the Court is the City of Coalinga's motion to dismiss filed August 22, 2018. The Court heard oral argument on September 19, 2018. Counsel John Sarsfield appeared for June Vera Sanchez and the Dolores Huerta Foundation, Inc. Counsel Jaskaran Gill appeared for the City of Coalinga. Having considered the moving, opposition and reply papers, the declarations and exhibits attached thereto, arguments presented at the September 19, 2018 hearing, as well as the Court's file, the Court issues the following order.

**I.**

**PROCEDURAL HISTORY**

On June 12, 2018, June Vera Sanchez and Dolores Huerta Foundation, Inc. (collectively "Plaintiffs") filed this action against the City of Coalinga ("Defendant") seeking damages and injunctive and declaratory relief in the Superior Court for the State of California, County of Fresno. (ECF No. 1 at 4-8.) On July 26, 2018, Defendant removed the action to the Eastern

1

District of California. (ECF No. 1.) On July 27, 2018 the parties consented to the jurisdiction of the United States magistrate judge and this action as reassigned to the undersigned for all purposes. (ECF Nos. 5, 6, 8.)

On August 22, 2018, Defendant filed the instant motion to dismiss and a request for judicial notice. (ECF Nos. 10, 11.) Plaintiff filed an opposition to the motion on September 5, 2018. (ECF No. 13.) Defendant filed a reply on September 12, 2018. (ECF No. 14.)

## II.

## COMPLAINT ALLEGATIONS

Plaintiffs allege that the City of Coalinga has adopted Coalinga City Council Ordinance Section 9-4.510 that bans the posting of signs with a political message except for certain limited times during election years. (Compl. ¶ 8.) Plaintiffs wish to display political signs for periods of time longer than the time limits imposed by the ordinance but believe that displaying signs will violate the municipal code and are therefore forbidden. (Id. ¶ 9.)

Plaintiffs contend that the municipal ordinance violates their right to free speech under the First Amendment because it impermissibly curtails their free speech rights. (Id. ¶ 14.) Plaintiffs seek a preliminary injunction preventing the enforcement of the sign ordinance, a permanent injunction, a declaration that the ordinance is unconstitutional, and monetary damages. (Id. ¶ 21.)

## III.

## MOTION TO DISMISS LEGAL STANDARD

Defendant moves to dismiss the complaint pursuant to Rule 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure.

**A.    Rule 12(b)(1)**

Rule 12(b)(1) permits a party to file a motion to dismiss based upon lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). A jurisdictional attack under Rule 12(b)(1) may be facial or factual. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). A facial attack challenges the allegations in the complaint, asserting they are insufficient to invoke federal jurisdiction. Safe Air for Everyone, 373 F.3d at 1039. In deciding a facial challenge, the court

assumes the allegations in the complaint are true and draws all reasonable inferences in the plaintiff's favor. Wolfe v. Strankman, 392 F.3d 358, 362 (9th Cir. 2004).

A factual attack challenges truth of the allegations that would otherwise invoke federal jurisdiction. Safe Air for Everyone, 373 F.3d at 1039. "Unlike a Rule 12(b)(6) motion, a Rule 12(b)(1) motion can attack the substance of a complaint's jurisdictional allegations despite their formal sufficiency, and in so doing rely on affidavits or any other evidence properly before the court." St. Clair v. City of Chico, 880 F.2d 199, 201 (1989). "In general, a district court is permitted to resolve disputed factual issues bearing upon subject matter jurisdiction in the context of a Rule 12(b)(1) motion unless "the jurisdictional issue and the substantive issues are so intermeshed that the question of jurisdiction is dependent on decision of the merits." Kingman Reef Atoll Investments, L.L.C. v. United States, 541 F.3d 1189, 1196–97 (9th Cir. 2008) (citations omitted); see also Berardinelli v. Castle & Cooke Inc., 587 F.2d 37, 39 (9th Cir. 1978) (A party is entitled to have the jurisdictional issue submitted to a jury only where the jurisdictional issue and the issue on the merits are factually so 'completely intermeshed,' . . . that "the question of jurisdiction is dependent on decision of the merits[.]"). The party asserting jurisdiction bears the burden of proving jurisdiction to survive a motion to dismiss under Rule 12(b)(1). Kingman Reef Atoll Investments, L.L.C., 541 F.3d at 1197; Ass'n of Am. Med. Colleges v. United States, 217 F.3d 770, 778–79 (9th Cir. 2000).

**B.    Rule 12(b)(6)**

Under Rule 12(b)(6), a party may file a motion to dismiss on the grounds that a complaint "fail[s] to state a claim upon which relief can be granted." A motion to dismiss pursuant to Rule 12(b)(6) tests the legal sufficiency of the complaint. Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). In deciding a motion to dismiss, "[a]ll allegations of material fact are taken as true and construed in the light most favorable to the nonmoving party." Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The pleading standard under Rule 8 of the Federal Rules of Civil Procedure does not require " 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully harmed-me accusation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). In

assessing the sufficiency of a complaint, all well-pleaded factual allegations must be accepted as true. <u>Iqbal</u>, 556 U.S. at 678-79. However, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." <u>Id.</u> at 678. To avoid a dismissal under Rule 12(b)(6), a complaint must plead "enough facts to state a claim to relief that is plausible on its face." <u>Twombly</u>, 550 U.S. at 570.

In deciding whether a complaint states a claim, the Ninth Circuit has found that two principles apply. First, to be entitled to the presumption of truth the allegations in the complaint "may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively." <u>Starr v. Baca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011). Second, so that it is not unfair to require the defendant to be subjected to the expenses associated with discovery and continued litigation, the factual allegations of the complaint, which are taken as true, must plausibly suggest an entitlement to relief. <u>Starr</u>, 652 F.3d at 1216. "Dismissal is proper only where there is no cognizable legal theory or an absence of sufficient facts alleged to support a cognizable legal theory." <u>Navarro</u>, 250 F.3d at 732 (citing <u>Balistreri v. Pacifica Police Dept.</u>, 901 F.2d 696, 699 (9th Cir.1988)).

## IV.

## DISCUSSION

### A. Lack of Standing

In this action, Plaintiffs challenge a municipal ordinance that provides that political signs may not be erected earlier than sixty days prior to an event or election and must be removed within seven days following the final election. (Compl. ¶ 8.) Plaintiffs allege that they wish to display political signs longer that the time limits in the ordinance. (<u>Id.</u> at ¶ 9.) Plaintiffs believe that they are forbidden from displaying signs under threat of violation of law. (<u>Id.</u>) Plaintiffs contend that they are chilled from displaying signs due to the reasonable fear of arrest or prosecution. (<u>Id.</u> at ¶ 20.)

Defendants argue that Plaintiffs cannot establish standing by stating that they have been chilled by engaging in prohibited conduct and the complaint is devoid of any allegations to

suggest that the ordinance would be enforced against Plaintiffs. In their opposition, Plaintiffs do not address the issue of standing, but assert that the ordinance is unconstitutional. At the September 19, 2018 hearing Plaintiffs stated that they complied with the ordinance while it was in place.

To have standing to bring suit, plaintiff must allege an injury in fact, a causal connection between the injury and the conduct complained of, and it must be likely that the injury will be redressed by a favorable decision. Susan B. Anthony List v. Driehaus, 134 S. Ct. 2334, 2341 (2014); Lujan v. Defs. of Wildlife, 504 U.S. 555, 560–61 (1992). There must be an injury in fact to ensure that the plaintiff has a "personal state in the outcome of the controversy." Susan B. Anthony List, 134 S. Ct. at 2341 (quoting Warth v. Seldin, 422 U.S. 490, 498 (1975). Injury sufficient to provide Article III standing must be "concrete and particularized" and "actual or imminent, and not conjectural or hypothetical." Susan B. Anthony List, 134 S. Ct. at 2341 (internal punctuation omitted) (quoting Lujan, 504 U.S. at 560).

The Supreme Court has repeated held that " 'threatened injury must be certainly impending to constitute injury in fact,' and that '[a]llegations of possible future injury' are not sufficient." Clapper v. Amnesty Int'l USA, 568 U.S. 398, 409 (2013). Imminent injury has been found to support Article III standing where the plaintiff has been warned to stop certain behavior, he has been threatened with prosecution if he disobeyed, he expressed a desire to continue the conduct, and a companion was arrested and prosecuted for the same conduct. Steffel v. Thompson, 415 U.S. 452, 459 (1974). The plaintiff bears "the burden of pleading and proving concrete facts showing that the defendant's actual action has caused the substantial risk of harm." Clapper, 568 U.S. at 414 n.5. Here, Plaintiffs have not alleged that they suffered any actual injury due to the municipal ordinance.

A plaintiff need not first expose himself to actual arrest or prosecution, but preenforcement review is permitted where the plaintiff has alleged "an intention to engage in a course of conduct arguably affected with a constitutional interest, but proscribed by a statute, and there exists a credible threat of prosecution thereunder." Susan B. Anthony List, 134 S. Ct. at 2342 (quoting Babbitt v. Farm Workers, 442 U.S. 289, 298 (1979)). "A plaintiff who challenges

5

a statute must demonstrate a realistic danger of sustaining a direct injury as a result of the statute's operation or enforcement." Babbitt, 442 U.S. at 298.

In Babbitt, a union brought suit challenging a statute that made it an unfair labor practice to encourage consumers to boycott an agricultural product by use of dishonest, untruthful and deceptive publicity. 442 U.S. at 301. The court found that the plaintiffs had alleged a sufficient injury because they had actively engaged in consumer publicity in the past, and alleged that they intended to engage in such campaigns in the future. Id. The State had not disavowed any intention of prosecuting unions that violated the statute and thus the plaintiffs were not without reason to fear prosecution. Id. at 302.

The Supreme Court also addressed a preenforcement challenge in Holder v. Humanitarian Law Project, 561 U.S. 1 (2010), where the plaintiffs challenged a statute that prohibited providing material support or resources to certain designated foreign organizations that engage in terrorist activity. Holder, 561 U.S. at 9. The plaintiffs alleged that they had provided support in the past and wished to continue providing support to the organizations but were afraid of prosecution. Id. at 10. The government had prosecuted about 150 persons under the statute and several were prosecuted for the statutory terms at issue in the case. Id. at 16. The Court found that the plaintiffs could bring a preenforcement challenge. Id.

Here, Plaintiffs allege that they have been chilled from displaying political signs outside the time limits proscribed by the ordinance, but Plaintiffs cannot demonstrate standing by nakedly asserting that their speech has been chilled by the statute. California Pro-Life Council, Inc. v. Gettman, 328 F.3d 1088, 1095 (9th Cir. 2003). Further, "neither the mere existence of a proscriptive statute nor a generalized threat of prosecution satisfies the 'case or controversy' " requirement." Thomas v. Anchorage Equal Rights Comm'n, 220 F.3d 1134, 1139 (9th Cir. 2000). The plaintiffs must have "an actual and well-founded fear that the law will be enforced against [him or her]." California Pro-Life Council, Inc., 328 F.3d at 1095.

"Because '[c]onstitutional challenges based on the First Amendment present unique standing considerations,' plaintiffs may establish an injury in fact without first suffering a direct injury from the challenged restriction." Lopez v. Candaele, 630 F.3d 775, 785 (9th Cir. 2010)

(quoting Ariz. Right to Life Political Action Comm. v. Bayless, 320 F.3d 1002, 1006 (9th Cir.2003). In the free speech context such a fear of prosecution with inure if the conduct at issue arguably falls within the statute. California Pro-Life Council, Inc., 328 F.3d at 1095. Plaintiffs have alleged conduct that falls within that proscribed by the ordinance which they contend violates their right to free speech.

In evaluating the genuineness of a claimed threat of prosecution, the Ninth Circuit considers "whether the plaintiffs have articulated a 'concrete plan' to violate the law in question, whether the prosecuting authorities have communicated a specific warning or threat to initiate proceedings, and the history of past prosecution or enforcement under the challenged statute." Thomas, 220 F.3d at 1139; accord California Pro-Life Council, Inc, 328 F.3d at 1094. Plaintiffs have merely expressed a general intent to engage in conduct prohibited by the statute. This is insufficient to rise to the level of an articulated, concrete plan. Thomas, 220 F.3d at 1439. Since "the Constitution requires something more than a hypothetical intent to violate the law, plaintiffs must articulate a concrete plan to violate the law in question by giving details about their future speech such as when, to whom, where, or under what circumstances." Lopez, 630 F.3d at 787 (internal punctuation and citations omitted). Since Plaintiffs have only alleged a general intent to violate the statute without any specifics, the allegations are only mere someday intentions that do not support a finding of actual or imminent injury required to demonstrate standing. Lopez, 630 F.3d at 787-88.

The complaint is devoid of any generalized or specific threat of enforcement directed toward Plaintiffs. To have standing there must be at least a credible, not simply imaginary or speculative, threat of prosecution. Thomas, 220 F.3d at 1140. As plaintiffs "do not claim that they have ever been threatened with prosecution, that a prosecution is likely, or even that a prosecution is remotely possible," they do not allege a dispute susceptible to resolution by a federal court." Babbitt, 442 U.S. at 298-99 (quoting Younger v. Harris, 401 U.S. 37, 42 (1971)).

Nor have Plaintiffs alleged any other history of enforcement of the statute. Further, the regulation at issue has been removed and there is no longer any prohibition related to the time

7

1 frames in which political signs can be posted. (See Ordinance No. 812,[1] ECF No. 11 at 5-6.)
2 Therefore, Plaintiffs have not demonstrated that they have a reasonable fear of prosecution.

3 Considering these factors, the Court finds that Plaintiffs have not established standing to
4 challenge the municipal ordinance.

## B. Leave to Amend Would be Futile as this Action is Moot

Defendant argues that the allegations in the complaint are moot as there is no live controversy and no effective relief can be granted. Plaintiff requests that if the Court finds the complaint is insufficient to establish standing that leave to amend be granted. Plaintiff contends that voluntary cessation by the City does not render the complaint moot because the challenged conduct could be resumed once the case is dismissed.

Under Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). In determining whether to grant leave to amend, the court considers five factors: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4) futility of amendment; and (5) whether the plaintiff has previously amended his complaint." Nunes v. Ashcroft, 375 F.3d 805, 808 (9th Cir. 2004). The factors are not given equal weight and futility alone is sufficient to justify the denial of a motion to amend. Washington v. Lowe's HIW Inc., 75 F. Supp. 3d 1240, 1245 (N.D. Cal. 2014), appeal dismissed (Feb. 25, 2015). Therefore, the Court considers whether the controversy is moot to determine if amendment would be futile.

"The requisite personal interest that must exist at the commencement of the litigation (standing) must continue throughout its existence (mootness)." Native Vill. of Noatak v. Blatchford, 38 F.3d 1505, 1509 (9th Cir. 1994). An exception to the doctrine of mootness occurs where the defendant voluntarily ceases wrongful conduct, but could resume such conduct at any time.[2] Native Vill. of Noatak, 38 F.3d at 1509. "A defendant's voluntary cessation of allegedly

---

[1] Courts may take judicial notice of municipal ordinances. Long Beach Area Peace Network v. City of Long Beach, 574 F.3d 1011, 1025 n.1 (9th Cir. 2009); Tollis, Inc. v. Cty. of San Diego, 505 F.3d 935, 938 n.1 (9th Cir. 2007). The Court grants Defendant's request for judicial notice.

[2] Another exception to the mootness doctrine occurs where the wrongful conduct is "capable of repetition yet evading review." Native Village of Noatak, 38 F.3d at 1509. For this exception to apply "there must be a 'reasonable expectation' that the same complaining party will be subject to the same injury again" and "the injury

8

unlawful conduct ordinarily does not suffice to moot a case." Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc., 528 U.S. 167, 174 (2000). "Cessation of illegal conduct does, however, 'render a controversy moot where there is no reasonable expectation that the putatively illegal conduct will be repeated, and there are no remaining effects of the alleged violation.' " Covenant Media of Cal., L.L.C. v. City of Huntington Park, Cal., 377 F.Supp.2d 828, 834 (C.D. Cal. 2005) (quoting Ragsdale v. Turnock, 841 F.2d 1358, 1365 (7th Cir.1988)); see Friends of the Earth, Inc., 528 U.S. at 189 ("[a] case might become moot if subsequent events made it absolutely clear that the allegedly wrongful behavior could not reasonably be expected to recur."). The party asserting mootness has "the heavy burden of persuading the court that the challenged conduct cannot reasonably be expected to start up again[.]" Friends of the Earth, Inc., 528 U.S. at 189. A statutory change "is usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." Native Vill. of Noatak, 38 F.3d at 1510. "As a general rule, if a challenged law is repealed or expires, the case becomes moot." Id.

Plaintiff contends that Native Vill. of Noatak found that the repeal of a city ordinance did not moot a case. Plaintiff also relies on cases stating that "repeal or amendment of an ordinance by a local government or agency does not necessarily 'deprive a federal court of its power to determine the legality of the practice.' " Native Vill. of Noatak, 38 F.3d at 1510; Bell v. City of Boise, 709 F.3d 890, 899 (9th Cir. 2013). However, it is clear that even an agency's policy change is sufficient to moot a controversy if the change is permanent and it is unlikely that the challenged conduct would recur. White v. Lee, 227 F.3d 1214, 1243 (9th Cir. 2000). Further, the Ninth Circuit has held that the repeal of a city ordinance mooted claims for declaratory and injunctive relief because there was no live issue upon which the court could issue prospective relief. Outdoor Media Grp., Inc. v. City of Beaumont, 506 F.3d 895, 901 (9th Cir. 2007); see also Qwest Corp. v. City of Surprise, 434 F.3d 1176, 1181 (9th Cir. 2006) (finding case moot

---

suffered must be of a type inherently limited in duration such that it is likely always to become moot before federal court litigation is completed." Id. at 1509–10 (internal citations omitted). Plaintiff does not argue that this exception applies and the Court finds that it would not apply in the situation presented here.

based on change in municipal ordinance); Get Outdoors II, LLC v. City of Chula Vista, 407 F.Supp.2d 1172, 1178 (S.D. Cal. 2005), aff'd, 254 F. App'x 571 (9th Cir. 2007) (finding case moot based on amendment of sign ordinance).

In Outdoor Media Grp., Inc., the plaintiff challenged a sign ordinance arguing that it was unconstitutional. The city repealed the ordinance and replaced it with an ordinance that banned new billboard construction. Outdoor Media Grp., Inc., 506 F.3d at 899. The district court found the action to be moot and dismissed it on the merits. Id. The plaintiff appealed the dismissal of the action arguing that the district court erred by finding that the claims for injunctive relief and declaratory relief were moot. Id. at 900. The appellate court found that the district court correctly determined that the repeal of the sign ordinance mooted the claims for declaratory and injunctive relief because there was no longer any risk that the plaintiff would be subject to the challenged ordinance. Id. at 901. The court noted that in Noatak, the Ninth Circuit limited the exception to the mootness doctrine "to the 'rare' situation 'where it is virtually certain that the repealed law would be reenacted.'" Id. (quoting Noatak, 38 F.3d at 1510). Even if the lawsuit may have prompted the city's action, that does not alone show the city's intent to re-enact the challenged ordinance at a later date. Outdoor Media Grp., Inc., 506 F.3d at 901.

Similarly, here, Defendant changed the ordinance to remove the offending provision. On June 21, 2018, the ordinance was amended because it was found that the prohibition of campaign and political signs were likely invalid pursuant to the State and Federal Constitutions. (Ordinance No. 812, ECF No. 11 at 5-6.) Plaintiff did not file this action until July 26, 2018, so the change in the regulation cannot reasonably be argued to have occurred to terminate this litigation. Maybe it did so to avoid litigation, but not terminate it. The provision was removed from the municipal ordinance because the City recognized that the ordinance was likely invalid under the State and Federal Constitutions. (ECF No. 11 at 5.) Therefore, it is unlikely that the challenged ordinance would be reenacted if this action is dismissed. See Native Village of Noatak, 38 F.3d at 1511.

The repeal of a law is "usually enough to render a case moot, even if the legislature possesses the power to reenact the statute after the lawsuit is dismissed." Log Cabin Republicans

v. United States, 658 F.3d 1162, 1167 (9th Cir. 2011) (quoting Chem. Producers & Distribs. Ass'n v. Helliker, 463 F.3d 871, 878 (9th Cir.2006)). In these circumstances, cases that reject mootness "are rare and typically involve situations where it is virtually certain that the repealed law will be reenacted." Log Cabin Republicans, 658 F.3d at 1167 (quoting Helliker, 463 F.3d at 878). This is not one of those rare situations where the municipal ordinance is likely to be reenacted. The City has recognized that the ordinance was likely unconstitutional and changed the ordinance for this reason. The Court finds that Defendant has met its burden to show that the challenged conduct cannot reasonably be expected to recur.

The Court finds that the change in the City ordinance removing the prohibition for campaign and political signs has caused this action to become moot. At the September 19, 2018 hearing, Plaintiff argued that the case is not moot because the Court can declare that the prior ordinance was unconstitutional. However, "[w]hen a statutory repeal or amendment extinguishes a controversy, the case is moot. There is no exception for declaratory relief." Log Cabin Republicans, 658 F.3d at 1167. Plaintiffs have not alleged that they suffered any actual injury prior to the removal of the sign prohibitions, but have brought a preenforcement challenge to the regulation. Further, at the September 19, 2018 hearing, the Court questioned Plaintiffs' counsel regarding whether there was any enforcement of the prior ordinance against Plaintiffs. Counsel stated that the plaintiffs complied with the sign ordinance while it was in effect. Therefore, it would be futile to provide Plaintiffs with the opportunity to file an amended complaint to cure the standing deficiencies identified herein. Plaintiffs' request for leave to file an amended complaint is denied.

## V.

## CONCLUSION AND ORDER

Plaintiffs' complaint fails to allege facts sufficient to demonstrate that they suffered an injury in fact or that there is a reasonable fear of prosecution under the municipal ordinance. Additionally, the challenged provision in the ordinance has been repealed and it is not likely that it would be reenacted after this action is dismissed.

Accordingly, IT IS HEREBY ORDERED that Defendant's motion to dismiss filed

August 22, 2018 is GRANTED.  This action is dismissed and the Clerk of the Court is DIRECTED to enter judgment in favor of Defendant City of Coalinga and against Plaintiffs June Vera Sanchez and Dolores Huerta Foundation, Inc.

IT IS SO ORDERED.

Dated:   **September 20, 2018**

UNITED STATES MAGISTRATE JUDGE